# UNITED STATES DISTRICT COURT
# MDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PAMELA JOHNSON,

    Plaintiff,

v.                                                        Case No. 8:17-cv-2320-T-AAS

NANCY A. BERRYHILL,
**Acting Commissioner of the**
**Social Security Administration,**

    Defendant.
_____/

## ORDER

Pamela Johnson seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the pleadings and memoranda submitted by the parties, the Commissioner's decision is **AFFIRMED**.

    I.    PROCEDURAL HISTORY

Ms. Johnson protectively filed a Title II application for a period of disability, DIB, and protectively filed a Title XVI application for SSI on August 13, 2014. (Tr. 13). In both applications, Ms. Johnson alleged disability beginning May 14, 2014. *Id.* The claims were denied at both the initial and reconsideration levels, and Ms. Johnson timely requested a hearing before an ALJ, which was held on June 13, 2016.

*Id.* The ALJ issued an unfavorable decision to Ms. Johnson on August 30, 2016. (Tr. 27). Ms. Johnson then requested review from the Appeals Council, which was denied. (Tr. 1–6). Ms. Johnson timely filed a complaint with this court. (Doc. 1). This case is now ripe for review under 42 U.S.C. § 405(g).

## II. NATURE OF DISABILITY CLAIM

### A. Statement of the Case

Ms. Johnson was born in 1965 and completed high school. (Tr. 26). She also attained some post-secondary education in word processing at a business college. (Tr. 40). Ms. Johnson has past relevant work as a certified nursing assistant (CNA). (Tr. 25). She alleged disability beginning May 14, 2014 due to back pain, bulging discs in her neck and lower back, and high blood pressure. (Tr. 44, 246).

### B. Summary of ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920.

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. §§ 404.1572, 416.910.

2

only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, then she is not disabled. §§ 404.1520(g), 416.920(g).

Here, the ALJ determined Ms. Johnson has not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 15). The ALJ then concluded Ms. Johnson has severe impairments, including cervical and lumbar degenerative disk disease and left shoulder tendinitis. (Tr. 16). Despite these findings, the ALJ found Ms. Johnson's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 17).

The ALJ then determined Ms. Johnson had the RFC to perform a limited range of light work, with these limitations:

> [Ms. Johnson] is able to lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for six hours out of an eight hour workday; sit for six hours out of an eight hour workday; engage in postural activities on an occasional basis; and must avoid concentrated exposure to extreme cold and hazards such as unprotected heights and dangerous moving machinery.

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. §§ 404.1520(f), 416.945(a).

3

(Tr. 18). Based on Ms. Johnson's RFC and the testimony of a vocational expert (VE), the ALJ concluded she can perform her past relevant work as a nurse assistant at the light exertional level. (Tr. 25). Therefore, the ALJ found Ms. Johnson not disabled. (Tr. 27).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether substantial evidence supports his findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the

entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Johnson raises two issues on appeal: first, whether the ALJ's credibility finding was supported by substantial evidence; and second, whether the ALJ's RFC finding was supported by substantial evidence.

#### *i. The ALJ's Credibility Finding*

First, Ms. Johnson contends the ALJ's stated reasons for rejecting her subjective complaints were legally insufficient because the ALJ failed to consider evidence of Ms. Johnson's low back impairment. (Doc. 24, p. 4). Specifically, Ms. Johnson argues nothing in the record is legally sufficient to refute her subjective complaints regarding her pain symptoms, and the reasons the ALJ offered for rejecting Ms. Johnson's testimony are inadequate. *Id.* In response, the Commissioner asserts Ms. Johnson failed to meet her burden of proving she was disabled, and the substantial evidence supports the ALJ's assessment of Ms. Johnson's subjective testimony. (Doc. 32, p. 4).

The ALJ concluded the evidence established Ms. Johnson's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but Ms. Johnson's statements about the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20). The ALJ properly evaluated Ms. Johnson's statements about her back pain and sufficiently articulated her reasons for

finding Ms. Johnson's subjective statements regarding the intensity, persistence, and limiting effects of her back pain were not entirely consistent with objective medical evidence, and opinion evidence.

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To evaluate whether a claimant has established disability through the claimant's testimony of pain and other subjective symptoms, the ALJ must apply the following test: first, whether there is evidence of an underlying medical condition and, second, whether objective medical evidence substantiates the severity of the pain from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 404.1529.

If the ALJ determines the claimant's medical condition could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine their effect on the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1); *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010). The ALJ considers all available evidence, including objective medical evidence, statements from the claimant, treating physicians, non-treating physicians, and medical opinions. 20 C.F.R. § 404.1529(c)(1)–(2). In addition to objective medical evidence,

6

the ALJ considers other information the claimant provides, such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve pain or other symptoms. *Id.* §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ evaluates a claimant's testimony against all other evidence and considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [claimant's] statements and the rest of the evidence." *Id.* § 404.1529(c)(4). In sum, a claimant's symptoms, including pain "will be determined to diminish [claimant's] capacity for basic work activities to the extent that [claimant's] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.*

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, the reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by

7

substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer*, 395 F.3d at 1212. If an ALJ fails to adequately explain the reasons for discrediting the claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

Therefore, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant could do light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

The ALJ sufficiently articulated reasons for discrediting Ms. Johnson's testimony regarding the persistence, intensity, and limiting effects of her back pain. The ALJ determined Ms. Johnson's testimony about her back pain symptoms was not entirely consistent with the medical evidence and other evidence in the record. Ms. Johnson argues, however, the ALJ failed to properly consider or discuss certain pieces of evidence included in the record that support her statements regarding her pain symptoms.

8

First, Ms. Johnson contends the ALJ improperly failed to consider the December 2013 MRI of her lumbar spine. (Doc. 24, p. 5). Ms. Johnson testified she was involved in an August 2013 motor vehicle collision that resulted in injury to her neck and lower back. (Tr. 45). Following this collision, Ms. Johnson underwent medical treatment and diagnostic imaging for her neck and back from August 2013 through February 2014 at Hess Spinal and Medical Centers. (Tr. 327–382, 468, 507, 529–566). The ALJ discussed in detail Ms. Johnson's neck and back related medical treatment throughout her decision. (Tr. 20–22, 24). Although the ALJ does not specifically reference the December 2013 MRI in her decision, she considered the total medical record from Hess Spinal and Medical Centers, which includes the December 2013 MRI (Tr. 20–22, 24). The ALJ need not specifically refer to every piece of evidence in her decision. *Dyer,* 395 F.3d at 1211. Furthermore, the ALJ articulated reasons for discrediting Ms. Johnson's subjective complaints about her back pain throughout her detailed chronology of Ms. Johnson's medical treatment and the objective findings from the MRIs and other diagnostic imaging tests. For example, the ALJ mentions medical evidence of an October 2015 visit to Gulf Coast Medical Center wherein Ms. Johnson reported she was "doing okay on pain medication and that her back pain was stable." (Tr. 603).

Second, Ms. Johnson contends the ALJ failed to properly consider evidence from Dr. Nicholas Strobbe and a July 2016 MRI report. (Doc. 24, pp. 5–6). These records were submitted well after the June 13, 2016 hearing, but prior to the ALJ's decision. The ALJ agreed at the hearing to hold the record open for two weeks to allow

9

Ms. Johnson time to submit "the records from Mr. Mehotra.". (Tr. 61). The record indicates Ms. Johnson submitted additional medical reports on July 1, 2016 and July 6, 2016, which were included in the record as Exhibits 13F and 14F, respectively. (Tr. 620, 671). The ALJ noted in her decision she reviewed all post hearing exhibits through Exhibit 14F. (Tr. 13). Exhibit 14F, however, does not include all of Dr. Strobbe's records or the July 2016 MRI that Ms. Johnson relies upon in this appeal. The remainder of Dr. Strobbe's records appear in Exhibit 15F, which Ms. Johnson submitted for review on August 9, 2016. (Tr. 684). The July 2016 lumbar MRI report is included in Exhibit 16F, which Ms. Johnson submitted on August 4, 2016—over a month after the expiration of the two-week post-hearing period in which the ALJ permitted Ms. Johnson to submit additional records. (Tr. 692–693).

Ms. Johnson also contends the ALJ failed to properly consider treatment notes from Dr. Michael Higgins. (Doc. 24, p. 6). The record indicates this evidence was not submitted timely to the ALJ. Dr. Higgins's treatment notes are included in Exhibit 17F, which Ms. Johnson submitted on September 7, 2016—well after the ALJ rendered her decision on August 30, 2016, and over two months after the expiration of the two-week post-hearing period in which the ALJ permitted Ms. Johnson to submit additional records. (Tr. 703, 27).

Ms. Johnson's submission of the post-hearing exhibits after Exhibit F was extremely untimely and arguably beyond the scope of the medical records the ALJ indicated she would accept and consider during the two weeks following the hearing. The ALJ's decision to consider only the post-hearing exhibits through Exhibit F was

not an error of judgment. But even if the ALJ erred in not reviewing this untimely evidence, Ms. Johnson must show any harm caused by any error associated with the ALJ's failure to review the untimely records. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Ms. Johnson does not meet her burden because she does not show how this evidence supports that she could not perform a limited range of light work. Furthermore, Ms. Johnson waived argument on these issues by not raising a challenge here to the Appeals Council's denial of her request for review.[4] *Sanchez v. Comm'r of Soc. Sec.,* 507 F. App'x. 855, 856 n. (11th Cir. 2013) (holding claimant waived arguments by not expressly challenging the ALJ's findings).

The ALJ's determination that Ms. Johnson's testimony and allegations regarding her back pain and symptoms were not fully credible, and thus her symptoms did not rise to the level of disabling, was sufficiently articulated and supported by substantial record evidence. *Dyer*, 395 F.3d at 1212. Therefore, remand on this issue is not warranted.

### ii. *The ALJ's RFC Determination*

Ms. Johnson next argues the ALJ's RFC finding was not supported by substantial evidence. (Doc. 24, p. 8). Specifically, Ms. Johnson contends the ALJ's RFC finding and hypotheticals posed to the VE failed to include her inability to bend, stand and walk for more than twenty to thirty minutes at a time, or include a sit stand option. *Id*. In response, the Commissioner argues the substantial evidence

---

[4] Curiously, it appears Ms. Johnson did not submit or even mention Dr. Strobbe's opinions, Dr. Higgins's treatment notes, or the July 2016 MRI in her request for review to the Appeals Council. (Tr. 318–322, 1–6).

11

supports the ALJ's assessment of Ms. Johnson's RFC, and the VE's testimony provides evidence to support the ALJ's finding that Ms. Johnson can perform her past relevant work as a nurse assistant. (Doc. 32, p. 11).

The ALJ found that Ms. Johnson had the RFC to perform a limited range of light work and was able to occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, stand and walk for six hours out of an eight-hour workday, sit for six hours out of an eight-hour workday, and engage in postural activities on an occasional basis. (Tr. 18). Based on this RFC, the ALJ concluded Ms. Johnson could perform her past relevant work as a nurse assistant at the light exertional level, and alternatively, perform other jobs existing in significant numbers in the national economy. (Tr. 25–26). Upon review of the record, substantial evidence supports the ALJ's assessment of Ms. Johnson's RFC.

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). This obligation requires the ALJ to develop the claimant's complete medical history for at least the twelve months preceding the month in which the application was filed, *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1)). The ALJ is also responsible for assessing the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2). A claimant's RFC is the most she can do in a work setting despite her impairments. *Phillips*, 357 F.3d at 1238 (citation omitted). The ALJ must determine the claimant's RFC using all relevant medical and other evidence. *Id.* The ALJ must

consider the claimant's physical and mental abilities and the total limiting effects of her impairments and any related symptoms. 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ must determine which jobs the claimant can perform despite her limitations. §§ 404.1520(f), 404.1520(g). The ALJ may make this determination by applying the Medical Vocational Guidelines or obtaining the testimony of a vocational expert. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citation omitted). For a VE's testimony to constitute substantial evidence, the ALJ must ask a hypothetical question that includes all the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). However, the hypothetical question need not include limitations the ALJ properly rejects as unsupported by medical evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, Ms. Johnson argues the ALJ should have included limitations for her inability to bend, stand and walk for more than twenty to thirty minutes at a time, and included a sit stand option. (Doc. 24, p. 8). Ms. Johnson contends these physical limitations are supported by the December 2013 lumbar MRI, the July 2016 lumbar MRI, Dr. Higgins's records, and Dr. Strobbe's July 2016 records. *Id*. These arguments are unpersuasive for two main reasons. First, as discussed above, the records Ms. Johnson relies upon to support her argument were not timely submitted to the ALJ and not raised in her request for review to the Appeals Council. Second, as discussed, substantial evidence supports the ALJ's decision to discount Ms. Johnson's subjective complaints and statements regarding her limitations. Therefore, because the ALJ

properly rejected these limitations in making her RFC finding, she did not have to include them in her questioning of the VE.

Substantial evidence in the record, including Ms. Johnson's activities, the medical evidence, and Ms. Johnson's testimony, supports the ALJ's RFC and disability determinations. Remand is not required.

## IV. CONCLUSION

The Commissioner's decision is supported by substantial evidence and does not contain reversible error. The Commissioner's decision is **AFFIRMED,** and the case is **DISMISSED** with prejudice, with each party to bear its own costs and expenses. The Clerk shall enter final judgment for the Commissioner consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on March 15, 2019.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge